IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARJORIE JOY STEEN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-711 |
| BOARD OF EDUCATION OF WORCESTER COUNTY, | * | |
| Defendant | * | |

## MEMORANDUM

Marjorie Joy Steen ("Plaintiff") brought this suit against the Board of Education of Worcester County ("Defendant") seeking judicial review of the decision of an administrative law judge ("ALJ") of the Office of Administrative Hearings ("OAH") denying her complaint of deprivation of Due Process under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(f)(1)(A), ("IDEA"). For the reasons explained below, the Court now dismisses Plaintiff's claims for failure to prosecute.

### I. BACKGROUND

Plaintiff filed this suit on March 16, 2011. (Compl., ECF No. 1). A status report was due from both parties on August 19, 2011. (Scheduling Order, ECF No. 7). Defendant filed a status report (ECF No. 10), but Plaintiff did not. Defendant then filed a motion for summary judgment on September 20, 2011. (ECF No. 13). Plaintiff's deadline to file a response was October 7, 2011. The Court issued correspondence to Plaintiff advising her of the possible consequences of Defendant's motion and of her right to file a response. (Rule 12/56 Letter, ECF No. 14).

1

Plaintiff did not file a response. On November 10, 2011, the Court issued an Order (ECF No. 15) advising Plaintiff that if she did not file a status report within ten days her claims would be dismissed for failure to prosecute. More than ten days have now elapsed since the date of the order and Plaintiff has not filed a status report or otherwise responded to the Court's directive.

## II. LEGAL STANDARD

Federal district courts possess inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes the power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *U.S. v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (citing *id*). Before dismissing a case, however, a court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).

## III. ANALYSIS

With regard to the *Hillig* factors, cited above, the Court finds as follows. First, Plaintiff is acting *pro se* and is therefore entirely responsible for prosecuting this case. Although a court may not hold a *pro se* litigant to the same standard as an attorney, the Court has given Plaintiff ample notice of her rights and responsibilities as a party to this case. Second, Plaintiff has so far taken no action in this litigation since filing her complaint more than eight months ago. Plaintiff failed to submit a status report in August as required by the Court's Scheduling Order and has now failed to respond in any fashion to the Court's most recent order, which specifically advised her that she must respond in order to maintain this suit. The Court can only conclude from this

that Plaintiff has abandoned her claims. The *Hillig* factors regarding prejudice to the defendant and the potential effectiveness of alternative sanctions are therefore inapplicable.

## IV. CONCLUSION

Because Plaintiff has abandoned her suit against Defendant and there is no longer a live controversy between the parties, an ORDER shall enter dismissing Plaintiff's claims without prejudice for failure to prosecute and DENYING AS MOOT Defendant's Motion for Summary Judgment (ECF No. 13).

Dated this 29th day of November, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge